**Neil GOLD, Plaintiff-Appellant,**

v.

**Curtis TARR, National Director of Selective Service; Selective Service System Local Board No. 3, Manhasset, New York, Defendants-Appellees.**

**No. 254, Docket 71–1799.**

United States Court of Appeals, Second Circuit.

Argued Oct. 8, 1971.

Decided Oct. 14, 1971.

Frederick H. Cohn, New York City, for plaintiff-appellant.

Paul E. Warburgh, Jr., Asst. U. S. Atty. (Robert A. Morse, U. S. Atty. for the Eastern District of New York, David G. Trager, Asst. U. S. Atty., on the brief), for defendants-appellees.

Before MOORE, HAYS and FEINBERG, Circuit Judges.

PER CURIAM:

In June 1971, plaintiff Neil Gold, a Selective Service registrant, moved in the United States District Court for the Eastern District of New York to enjoin defendant Curtis Tarr, National Director of Selective Service, and defendant

Selective Service Local Board No. 3, Manhasset, New York, from inducting plaintiff into the armed forces and to obtain a writ of mandamus requiring the Selective Service System and the Local Board to follow its own regulations. In August, Judge Mark A. Costantino denied an injunction and dismissed the complaint, holding that under 50 U.S.C. App. § 460(b) (3) the court lacked subject matter jurisdiction.

The record reveals the following: In January 1970, responding to plaintiff's request, the Local Board mailed him a "Special Form for Conscientious Objector" (SSS Form 150). He subsequently completed and returned the form, in which, as the district judge found, plaintiff cited "the principles of the Jewish religion" as the basis for his claim. In May 1970, plaintiff appeared personally before the Local Board to discuss whether he should be classified I–O. The Board denied his request on the grounds that his religious activities were casual and that the lateness of his claim raised doubts as to his sincerity. His I–A classification was continued. Plaintiff appealed this decision to the Eastern District Appeal Board which in July 1970 also rejected his conscientious objector claim and reclassified him I–A. No reasons were given for its decision.

In August 1970, plaintiff wrote to the Local Board stating that the Supreme Court case of Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970), decided after the Local Board's decision but before the Appeal Board considered his appeal, undercut the reasons given by the Local Board for denying him a I–O classification and he requested a new SSS Form 150 in order to present "new information" to the Board. The Board replied that a SSS Form 150 was not warranted, but that he could update his file by submitting any additional information he wished. The district court found that plaintiff failed to submit any new information.

At about the same time, the Local Board also denied plaintiff's request for a III–A hardship deferment. Plaintiff

filed a timely request for a personal appearance which was scheduled for October 27, 1970. At that meeting plaintiff again raised the same conscientious objector claim, but the Board refused to reconsider it on the ground that the issue had been previously decided. Only his hardship claim was considered.

In May 1971, plaintiff received a notice to report for induction on June 21, 1971. A few days before that date, plaintiff brought this action in the district court and obtained a temporary restraining order enjoining his induction. The motion for a preliminary injunction came on before Judge Costantino who heard the dispute, vacated the temporary restraining order, denied an injunction and dismissed the complaint.

Plaintiff urges us to find that the Local Board denied him his right to a meaningful personal appearance on October 27, 1970 by refusing to consider "new information" as required by Selective Service Regulation 32 C.F.R. § 1624.2(c). The argument is not persuasive because plaintiff himself failed to submit any "new information" for the Board to consider with regard to his conscientious objector claim. Plaintiff's reference to the *Welsh* decision in his letters to the Local Board was not "new information" applicable to his classification. In that case the Supreme Court held that a registrant could in some circumstances qualify for a I–O classification even if his beliefs were only "purely ethical or moral in source and content." 398 U.S. at 340, 90 S.Ct. at 1796. Here, however, plaintiff has consistently advanced only traditional religious grounds as the basis of his beliefs. Plaintiff argues that the Local Board acted in a "blatantly lawless" manner and, therefore, the prohibition of pre-induction judicial review contained in section 460(b) (3) does not apply. See Breen v. Selective Service Board, 396 U.S. 460, 90 S. Ct. 661, 24 L.Ed.2d 653 (1970); Oestereich v. Selective Service Board, 393 U.S. 233, 238, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968). But whatever may be the obligation of a local board to consider inter-

 

vening changes in law between classification and induction of a registrant, the action of this Board was hardly "blatantly lawless," in view of the inapplicability of *Welsh* to plaintiff's factual claim and plaintiff's failure to furnish any new factual information.

Judgment affirmed.